# NO. 12-23-00080-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTINE REULE,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BERNARD JOHN CHISM, ET AL,* *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Christine Reule, acting pro se, filed a notice of appeal "in this wrongfully severed case[.]"  The notice of appeal further states that Reule filed a motion for reconsideration of the severance order.

However, Reule has been declared a vexatious litigant and the order declaring Reule vexatious includes a prefiling order which states, "Plaintiff is required to obtain permission from the local administrative judges of a court in which she intends to file litigation in this state and Smith County prior to filing any new litigation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West 2017) (court may enter order prohibiting person from filing, pro se, new litigation in a court to which order applies without permission of appropriate local administrative judge if court finds person is vexatious).  Reule is included in the Office of Court Administration's list of vexatious litigants subject to a prefiling order.

A prefiling order entered by a district court applies to each court in this state. *Id*. § 11.101(e).  A vexatious litigant subject to a prefiling order is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of:

> (1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or

> (2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

*Id*. § 11.102(a) (West 2017). A clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order unless the litigant obtains an order from the appropriate local administrative judge described permitting the filing. *Id*. § 11.103(a) (West 2017).[1]

On March 30, 2023, the Clerk of this Court notified Reule that her appeal would be dismissed unless she filed a copy of an order from the local administrative judge permitting the filing of the appeal on or before April 10.[2] We granted Reule's request for an extension to obtain the order to April 17. That deadline passed without an order permitting the filing. Absent an order granting Ruele permission to file this appeal, we lack jurisdiction; therefore, we ***dismiss*** the appeal for ***want of jurisdiction***. *See* TEX. CIV. PRAC. & REM. CODE § 11.1035(b) (West 2017) (court shall dismiss litigation unless plaintiff obtains order from appropriate local administrative judge permitting filing of litigation); *see also **Yazdchi v. JP Morgan Chase Bank, N.A.,*** No. 01-

---

[1] There is an exception for appeals from the prefiling order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d) (West 2017) (appellate clerk "may file an appeal from a prefiling order entered under Section 11.101 designating a person a vexatious litigant"). In her motion for extension of time, Reule states, "[Appellant] would like to point out that CPRC, Section 11.101(c) allows for this appeal without the permission of the local administrative judge as she understands it." *See id*. § 11.101(c) (West 2017) ("litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant"). But Reule's notice of appeal reflects a challenge to the severance order, not the prefiling order. Additionally, the prefiling order was signed on May 21, 2019; thus, Reule's notice of appeal filed on March 20, 2023, is untimely for perfecting an appeal from the prefiling order. *See **Restrepo v. Alliance Riggers and Constructors, Ltd***, No. 08-15-00011-CV, 2015 WL 999950, at *2 (Tex. App.—El Paso Mar. 4, 2015, no pet.) (mem. op.) (dismissing for want of jurisdiction purported appeal from prefiling order for untimely notice of appeal); *see also* TEX. R. APP. P. 26.1 (time to perfect appeal in civil cases).

[2] In her motion for extension of time, Reule claims that she requested permission from the local administrative judge, but that the clerk (presumably the trial court clerk) told her "the Judge didn't need to do anything, that he wasn't required to sign an order." Assuming this representation was indeed communicated to Reule, the clerk is incorrect. Section 11.103(a) provides that a clerk may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order "unless the litigant obtains an *order* from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (emphasis added). Thus, to proceed with this appeal, an order granting permission is required. Additionally, the local administrative judge's decision denying a litigant permission to file litigation, or conditioning permission to file litigation on the furnishing of security, may be challenged by a writ of mandamus filed no later than the thirtieth day after the date of the decision. *See id*. § 11.102(f) (West 2017). It serves that a written order would be the best practice for notifying the litigant of the trial court's decision, such that the litigant could timely pursue mandamus relief if necessary. *See e.g. **In re Nixon***, No. 03-22-00299-CV, 2022 WL 1720087, at *1 (Tex. App.—Austin May 27, 2022, orig. proceeding) (mem. op.) (noting when litigant was notified in writing of denial of permission to file litigation when discussing timeliness of original proceeding).

17-00301-CV, 2017 WL 2255773, at *2 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction appeal by vexatious litigant for failure to obtain permission from local administrative judge).[3]

Opinion delivered April 28, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] We previously dismissed Reule's petition for writ of mandamus for failure to obtain permission from the local administrative judge. *See In re Reule*, No. 12-22-00271-CV, 2022 WL 17350927 (Tex. App.—Tyler Nov. 30, 2022, orig. proceeding) (per curiam) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 28, 2023**

**NO. 12-23-00080-CV**

**CHRISTINE REULE,**
Appellant
V.
**BERNARD JOHN CHISM, ET AL,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 18-1871-C/S)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*